# EXHIBIT A

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1  
Stylesheet Version v1.2

ETAS ID: TM484304

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |
| **SEQUENCE:** | 1 |

## CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Foreign Trade Corporation | | 01/09/2018 | Corporation: CALIFORNIA |

## RECEIVING PARTY DATA

| | |
|---|---|
| Name: | Insolvency Services Group, Inc. |
| Street Address: | 1875 CENTURY PARK EAST, SUITE 2100 |
| City: | Los Angeles |
| State/Country: | CALIFORNIA |
| Postal Code: | 90067 |
| Entity Type: | Corporation: CALIFORNIA |

## PROPERTY NUMBERS Total: 29

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 4596899 | ALIN |
| Registration Number: | 4373735 | BAND |
| Registration Number: | 4489736 | BAND |
| Registration Number: | 4358766 | BUILT TO TYLT |
| Registration Number: | 4376540 | BUMPR |
| Registration Number: | 4410428 | CAPIO |
| Registration Number: | 4499680 | ENERGI |
| Registration Number: | 4779277 | ENERGI SLIDING POWER CASE |
| Registration Number: | 4783716 | ENERGI SMART CHARGER |
| Registration Number: | 4369640 | JELLYFISH |
| Registration Number: | 4329108 | LYLL |
| Registration Number: | 4527146 | PILLO |
| Registration Number: | 4369641 | RANDOM ORDER |
| Registration Number: | 4498639 | RANDOM ORDER |
| Registration Number: | 4708585 | RANDOM ORDER |
| Registration Number: | 4787685 | RIBBN |
| Registration Number: | 4779285 | SMART CHARGER 2K |
| Registration Number: | 4779286 | SMART CHARGER 6K |

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 4376541 | SQRD |
| Registration Number: | 3804663 | T |
| Registration Number: | 1711404 | TECHNOCEL |
| Registration Number: | 4376880 | TYLT |
| Registration Number: | 4379403 | TYLT BUILT TO TYLT |
| Registration Number: | 4718163 | TYLT SMART CHARGER |
| Registration Number: | 4731156 | TYLTLAB |
| Registration Number: | 4527829 | VÜ |
| Registration Number: | 4370097 | Y-CHARGE |
| Registration Number: | 5431376 | + |
| Registration Number: | 5431375 | TYLT |

**CORRESPONDENCE DATA**

Fax Number:

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Phone: | 3105531222 |
| Email: | trademarks@novianlaw.com |
| Correspondent Name: | Farhad Novian, Novian & Novian LLP |
| Address Line 1: | 1801 Century Park East, Suite 1201 |
| Address Line 4: | Los Angeles, CALIFORNIA 90067 |

| NAME OF SUBMITTER: | Sharon Raminfard |
|---|---|
| SIGNATURE: | /Sharon Raminfard/ |
| DATE SIGNED: | 08/01/2018 |

**Total Attachments: 7**
source=Assignment to Insolvency Services Group#page1.tif
source=Assignment to Insolvency Services Group#page2.tif
source=Assignment to Insolvency Services Group#page3.tif
source=Assignment to Insolvency Services Group#page4.tif
source=Assignment to Insolvency Services Group#page5.tif
source=Assignment to Insolvency Services Group#page6.tif
source=Assignment to Insolvency Services Group#page7.tif

# GENERAL ASSIGNMENT

THIS ASSIGNMENT, made this 8th day of January, 2018, by and between **Foreign Trade Corporation, a California corporation doing business as Technocel** (the "Assignor") and **Insolvency Services Group, Inc.**, a California corporation (the "Assignee"), with reference to the following:

### Recitals

A.  Assignor has its principal place of business at 685 Cochran Street, Suite 200, Simi Valley, CA 93065 and its federal tax identification number is 95-4145951;

B.  Assignor is indebted to diverse creditors and is desirous of providing for payment of those creditors by making a general assignment of all of Assignor's assets for that purpose;

C.  Assignee has its principal place of business in Los Angeles County, California.

### Agreement

NOW, THEREFORE, Assignor, for valuable consideration, receipt of which is hereby acknowledged, does hereby make the following general assignment for the benefit of Assignor's creditors (the "Assignment") to Assignee under the following terms and conditions, all of which terms and conditions are agreed to by the Assignor and Assignee:

1.  <u>Assignment of Assets</u>. Assignor does hereby grant, assign, bargain, sell and transfer to Assignee, its successors and assigns, in trust, for the benefit of all the Assignor's creditors generally, all of the property and assets of Assignor of every kind and nature whatsoever situated, whether in possession, reversion, remainder, or expectancy, both real and personal, and any interest or equity therein not exempt from the enforcement of a money judgment, including, without limitation, all inventory, merchandise, goods, furniture, fixtures, machinery, equipment, raw materials, work in process, accounts, general intangibles, intellectual property, deposits, books, records, fixtures, cash in hand, bank accounts, tax refunds, all choses in action, insurance policies and refunds and all other property of every kind and nature owned by Assignor, or in which Assignor has an interest, including all of the assets pertaining to that certain business involving wholesaler of electronic parts and mobile telephone equipment (the "Assignment Estate").

    1.1  <u>Lease Exclusion</u>. Leases and leasehold interests in real property are not included in this Assignment. If, however, the Assignee determines that such excluded lease or leasehold interest may be assigned and also that the same has realizable value for Assignor's creditors, then Assignor agrees that upon demand of Assignee, it will assign and transfer such lease or leasehold interest to Assignee, or its nominee, for administration under the terms of this Assignment.

42315-00002/2942098.1

DocuSign Envelope ID: C55BA845-E64E-48ED-880F-2A291CAAD839
DocuSign Envelope ID: 2598411F-9B50-4D08-94DC-169DBDCFECD1

1.2 *Employee Benefit Plan Exclusion.* Employee benefit plans (which includes any related employee trust fund), including without limitation, any ERISA- qualified plan or other similar employee plan, are not included in this Assignment. Assignee shall not be or deemed to be an administrator under any such employee benefit plan nor shall the Assignee have any role or responsibility for the termination of any such employee benefit plan of Assignor and/or its employees.

2. *Real Property Grant Deed.* This Assignment constitutes a grant deed to all real property owned by Assignor (except for real property leases and leasehold interests which are expressly excepted from this Assignment as provided in Section 1.1 above), whether or not the Assignor's real property is specifically described in this Assignment. Certain of Assignor's real property (excluding leases and leasehold interests) is more specifically described in Exhibit "A," which is attached hereto an incorporated by reference. (Exhibit "A" attached hereto Yes ___ No _X_).

3. *Delivery Of Documents, Endorsements And Mail Delivery.* Assignor agrees to deliver to Assignee all books of account and records, to execute and deliver all additional necessary documents immediately upon request by Assignee, and to endorse all indicia of ownership where required by Assignee, in order to complete the transfer of all assets to Assignee as intended by this Assignment, including, but not limited to, all of Assignor's real and personal property and/or Assignor's interest therein, including, mortgages, deeds of trust, motor vehicles, trademarks, copyrights and patent rights. Neither Assignor, nor its agents, shall execute any documents on behalf of the Assignor without prior written approval of Assignee. Assignee is hereby authorized to execute all endorsements and demands requiring Assignor's signature, in the name of Assignor, including endorsements on checks, bank accounts, deposit accounts, and stock certificates, payable to, or standing in the name of Assignor. Assignor further authorizes Assignee to apply for any deposits, refunds (including specifically, among others, claims for refund of taxes paid or unearned insurance premiums) or claims wherever necessary, in the name of Assignor. Assignee is authorized to direct all Assignor's mail to be delivered to Assignee; and Assignee is expressly authorized and directed to open said mail as agent of Assignor, and to do any thing or act which Assignee in his sole and arbitrary discretion deems necessary or advisable to effectuate the purposes of this Assignment.

4. *Alcoholic Beverage Licenses.* In the event Assignor is engaged in the sale of alcoholic beverages, this Assignment does not include transfer of any alcoholic beverages; but, Assignor hereby appoints Assignee as his agent for the sole purpose of filing an application for a permit for the sale of the alcoholic beverages in the Assignor's place of business and/or sale of alcoholic beverage license(s) (Assignee being vested with absolute discretion in regard thereto, and assuming no liability by reason thereof); and, Assignor hereby assigns to Assignee all of the proceeds of such sale for the benefit of Assignor's creditors, generally in accordance with the terms of this Assignment.

5. *Nature Of Assignment.* This instrument transfers legal title and possession of all of Assignor's assets. This Assignment constitutes a transfer of only those assets that can be transferred legally; and does not constitute a transfer of property that it is illegal to transfer.

42315-00002/2942098.1

Assignee in its own discretion, may determine whether to continue all or a part of the business operations, or to liquidate Assignor's assets.

6. <u>Disposition Of Assets</u>. Assignee, in its discretion, may sell and dispose of Assignor's assets upon such terms and conditions, as it may see fit, at public or private sale, or otherwise. Assignee shall not be personally liable in any manner in connection with the performance of its duties and obligations hereunder. Assignee's obligations hereunder shall be in a representative capacity only as an Assignee for the general benefit of Assignor's creditors. Assignee shall administer this estate to the best of its ability, but it is expressly understood that Assignee, and its agents, servants or employees, shall be liable only for reasonable care and diligence in the administration of the Assignment Estate; and Assignee shall not be liable for any act or thing done by Assignee, its agents, servants, or employees in good faith in connection herewith. Assignee is not liable or responsible for any obligations of any nature whatsoever incurred at any time by Assignor, whether before or after the date of this Assignment.

7. <u>Compensation Of Assignee</u>.



8. <u>Powers And Duties Of Assignee</u>. Assignee may compromise claims, complete or reject Assignor's executory contracts, discharge, at its option, any liens on the assets covered by this Assignment and any indebtedness that, under law, is entitled to priority of payment. Assignee shall have the power to open bank accounts in the name of Assignee or its nominees and deposit assigned assets or proceeds thereof in such bank accounts and draw checks thereon, borrow money, hypothecate and pledge the assets, and to do all matters and things that Assignor could have done prior to this Assignment. Assignee shall have the power to employ attorneys, accountants and any other additional personnel to whatever extent may be necessary to administer the Assignment Estate and to assist in the preparation and filing of any and all state, county, local or Federal tax returns as required. Any act or thing done by Assignee hereunder shall bind the Assignment Estate and Assignee only in his capacity as Assignee for the benefit of creditors. Assignee shall have the right to sue as the successor of the Assignor or Assignee is

42315-00002/2942098.1

DocuSign Envelope ID: C55BA845-E64E-48ED-880F-2A291CAAD839
DocuSign Envelope ID: 2598411F-9B50-4D08-94DC-169DBDCFECD1

hereby given the right and power to institute and prosecute legal proceedings in the name of Assignor, the same as if the Assignor itself had instituted and prosecuted such proceedings or actions. Assignee is hereby authorized and has the right to defend all actions instituted against the Assignor and to appear on behalf of the Assignor in all proceedings (legal or otherwise) in which Assignor is a party. Assignor does hereby appoint Assignee as Assignor's attorney-in-fact, with full power to act for and in the place of Assignor in such actions or proceedings or in any other matters, including the right to verify, on behalf of Assignor, and with respect to all documents of any nature whatsoever, including all pleadings which are part of any legal proceedings. Assignor does hereby grant to Assignee the right to act for, and in the place of, Assignor in any type of proceeding under title 11 of the United States Code, Sections 101 et. seq. (the "Bankruptcy Code"), including the right to defend any petitions or actions filed against Assignor under the Bankruptcy Code.

9. <u>Assignor's Duties As To Non Assignable Tax Or Other Refund Claims</u>. Assignor agrees, to the extent that any tax or other refund claim is not assignable, to make any and all claims for refund of taxes or any other money due, from any governmental agency, for tax refunds, or otherwise, and to forthwith upon receipt of any such refunds, pay them over to Assignee, and hereby empowers Assignee, as attorney-in-fact of Assignor, to make all claims for refunds which may be made by an attorney-in-fact.

10. <u>Distribution To Creditors</u>. Assignee shall apply the net proceeds arising from or related to the liquidation of the Assignment Estate, in the following priority as to amounts only and not time of distributions as follows:

   A. First, to deduct all sums which Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under law is entitled to priority of payment and to reimburse Assignee as to all costs advanced by the Assignee or any third party for the preservation of the Assignment Estate's assets, including the maintenance and insurance of said assets and, the expenses of any operation.

   B. Second, all reasonable costs and expenses incidental to the administration of the Assignment Estate, including the payment of the remuneration and fee to the Assignee as set forth above and the payment of attorneys for the Assignee, accountants to the Assignee, attorneys to the Assignor for services related to the making and administration of the general assignment and any other professionals the Assignee deems necessary to properly administer the Assignment Estate.

   C. Third, all Federal taxes of any nature whatsoever owing as of the date of this Assignment, or such claim of any Federal governmental agency as defined under 31 U.S.C. §3713, including but not limited to, Federal withholding taxes, Federal unemployment taxes and any other Federal income, excise, property and employment taxes.

D. Fourth, all monies due employees of the Assignor entitled to priority as defined under California Code of Civil Procedure §1204 and §1204.5 up to the statutory maximum.

E. Fifth, all state, county and municipality taxes of any nature whatsoever owing as of the date of this Assignment, including but not limited to employment, property and income taxes.

F. Sixth, with the exception of those classes set forth above, all distributions to other creditors shall be, within each class, pro rata in accordance with the terms of each creditor's indebtedness, until all such debts are paid in full. The Assignee may, but is not required to, make interim distributions whenever the Assignee has accumulated sufficient funds to enable it to make a reasonable distribution.

G. Seventh, any monies unclaimed by creditors 90 days after the final distribution to unsecured creditors, if any, or the termination of the administration of the Assignment Estate by the Assignee, shall be re-distributed, pro rata, to all known unsecured creditors, being those creditors who cashed their respective dividend checks from the Assignment Estate, provided any such distribution exceeds One Thousand Dollars ($1,000.00).

H. Eighth, if any undistributed dividends to creditors, or any reserve of other funds, shall remain unclaimed for a period of one year after issuance of dividend checks by Assignee, or the termination of the administration of the Assignment Estate by the Assignee, then the same shall become the property of the Assignee and shall be used to supplement the Assignee's fees for services administering this Assignment.

11. <u>Right To Withhold Payment Of Contested Claims</u>. In the event that the Assignee contests the validity of a Claim,[1] falling within any of the classifications set forth in paragraph 10 above, the Assignee may withhold the pro rata distribution (whether interim or final) to which the holder of such contested Claim would otherwise be entitled to receive until the allowance of the contested claim is determined by a Court of competent jurisdiction or by agreement with the Assignee.

12. <u>Definition Of Transaction</u>. It is agreed and understood that this transaction is a general assignment for the benefit of all of Assignor's creditors; and that this is a "general assignment for the benefit of creditors," as set forth in, and defined in the California *Code of Civil Procedure, Section 493.010*, and all other laws of the State of California pertaining thereto. This general assignment for the benefit of creditors (1) does constitute an assignment to the

---

[1] The term "Claim" for the purposes of this agreement shall mean a right to payment as defined in Section 101(5) of Title 11 of the United States Code and the federal case law construing that statute.

42315-00002/2942098.1

TRADEMARK
REEL: 006400 FRAME: 0176

Assignee of all assets of Assignor which are transferable and not exempt from enforcement of a money judgment; (2) is an assignment for the benefit of all of the creditors of the Assignor, and (3) does not create a preference of one creditor or class of creditors over any other creditor or class of creditors.

13. <u>Entire Agreement</u>. This Assignment supersedes all prior discussions and agreements between the parties with respect to the subject matter hereof and thereof and contains the sole and entire agreement between the parties hereto with respect to the subject matter hereof and thereof.

14. <u>Headings</u>. The headings used in this Assignment have been inserted for convenience of reference only and do not define or limit the provisions hereof.

15. <u>Invalid Provisions</u>. If any provision of this Assignment is held to be illegal, invalid or unenforceable under any present or future law, and if the rights or obligations of any party hereto under this Assignment will not be materially and adversely affected thereby, (a) such provision will be fully severable, (b) this Assignment will be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part hereof and (c) the remaining provisions of this Assignment will remain in full force and effect and will not be affected by the illegal, invalid or unenforceable provision or by its severance here from.

16. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the Laws of the State of California applicable to a contract executed and performed in such State, without giving effect to the conflicts of laws principles thereof.

17. <u>Counterparts</u>. This Assignment may be executed in any number of counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

ACCEPTED BY ASSIGNEE on _____1/9/2018_____, 2017

"Assignor"

Foreign Trade Corporation, a California corporation, doing business as Technocel

By: _____[Signature]_____
       Signature

Rami Rostami       CEO
Print Name/ Title

"Assignee"

42315-00002/2942098.1

DocuSign Envelope ID: C55BA845-E64E-48ED-880F-2A291CAAD839
DocuSign Envelope ID: 2598411F-9B50-4D08-94DC-169DBDCFECD1

INSOLVENCY SERVICES GROUP, INC.,
a California corporation

By: _____
Joel B. Weinberg, President

42315-00002/2942098.1